UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT GEORGE WILTZ,

    *Plaintiff*,

  v.

DONALD TRUMP, *et al.*,

    *Defendants*.

Civil Action No. 25 - 3965 (UNA)

## MEMORANDUM OPINION

Plaintiff Robert George Wiltz, proceeding pro se, brings this action against President Donald Trump, the Director of the Central Intelligence Agency ("CIA"), and the National Security Agency. ECF No. 1. He has also filed a motion for leave to proceed *in forma pauperis*. ECF No. 2. For the following reasons the court will grant the motion to proceed *in forma pauperis* and dismiss the complaint and the case for lack of subject-matter jurisdiction.

A court may dismiss a case *sua sponte* for lack of subject-matter jurisdiction. When a complaint is "'patently insubstantial, presenting no federal question suitable for decision," the court lacks authority to hear the case and dismissal is warranted. *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989)). That standard includes cases that are "so attenuated and [in]substantial as to be absolutely devoid of merit." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)). Generally, *sua sponte* dismissal for lack of subject-matter jurisdiction is "reserved for complaints resting on truly fanciful *factual* allegations," while motions to dismiss

under Federal Rule of Civil Procedure 12(b)(6) "cull *legally* deficient complaints." *Best*, 39 F.3d at 331 n.5.

      Here, Mr. Wiltz's allegations are patently insubstantial and deprive the court of jurisdiction to hear his case. Mr. Wiltz alleges that the "United States Federal Government has been utilizing complicated technological surveillance equipment as seen in patents dating back to 1981 . . . to steal [his] company's trade secrets, intellectual property, and directives." ECF No. 1, at 4.[1] As relief, he asks for his "nonprofit to be made a constituent to the CIA in order to find and remediate the loss of [his] intellectual property and trade secrets," for the court to provide a "home . . . from Sotheby's," a "Mercedes C350 of [his] choosing," a "wardrobe of high quality," the "furniture of [his] choosing"—along with "all logistics provided, more as requested"—and $6.8 billion in restitution. *Id.* Mr. Wiltz's allegations of a widespread "campaign of surveillance" over more than four decades are similar to those that courts have routinely dismissed for "patent insubstantiality." *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (collecting cases).

      For the foregoing reasons, the court will grant Mr. Wiltz's motion to proceed *in forma pauperis*, ECF No. 2, and dismiss the complaint, ECF No. 1, and the case without prejudice for lack of subject-matter jurisdiction. A contemporaneous order will issue.

                                                             LOREN L. ALIKHAN
                                                             United States District Judge

Date: February 11, 2026

---

[1] The citations to ECF No. 1 refer to the ECF-generated page numbers at the top of each page rather than any internal pagination.